IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICARDO BARRERA | § | |
| Plaintiff, | § | |
| v. | § | Case No.: _____ |
| INTERNATIONAL PAPER COMPANY | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Ricardo ("Rick") Barrera, (herein "Barrera") complains of Defendant International Paper Company (herein "IPC") as follows:

### NATURE OF CASE

1. This is an employment case. Barrera brings one count of retaliation/discrimination in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.,* ("FMLA").

### PARTIES

2. Plaintiff Barrera is an individual who resides in Amarillo, Randall County, Texas. Barrera has resided there at all times relevant to this action.

3. Defendant IPC is a New York Corporation that may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### JURISDICTION

4. This Court has subject matter jurisdiction over this action because Barrera's claim arises under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. (FMLA), presenting federal questions under 28 U.S.C. § 1331.

5. This Court has *in personam* jurisdiction over IPC because IPC is a corporation doing business in Texas with an office located at 4715 NE 24th Ave., Amarillo, Texas 79107. Barrera's claim arose in Texas and IPC is a corporation that has purposefully availed itself of the benefits and protections of Texas by employing Texas residents within Texas and is subject to service within this jurisdiction by this Court.

## VENUE

6. Venue is proper in this judicial district and division because a substantial part of the events forming the basis of Barrera's claim occurred here. 28 U.S.C. §1391(b)(2).

## COVERAGE

7. At all relevant times, IPC was "engaged in commerce or in any industry or activity affecting commerce," as that phrase is defined in 29 U.S.C. §2611(4)(A)(i), and it employed 50 or more employees during each of 20 or more calendar workweeks in the preceding year.

8. As of September 16, 2020 Barrera was an "eligible employee" as that phrase is defined in 29 U.S.C. §2611(2).

## MATERIAL FACTS

9. IPC hired Barrera effective on or about December 14, 2016.
10. Barrera's job title was that of Maintenance Mechanic.
11. Barrera's immediate supervisor was Phil Skalak.
12. Barerra's prior, immediate supervisor was Peter Hartman.
13. The Human Resource Director for IPC was Kay Bowers.
14. The Plant Manager for IPC was Felipe Ramirez.

15. Barrera was suspended on September 16, 2020, and terminated on September 23, 2020.

16. Barrera had been employed by IPC for at least 12 months and had worked at least 1250 hours in the twelve months preceding September 16, 2020.

17. Barrera's wife passed away on January 21, 2019, leaving Barrera as the sole provider and caretaker for their then-five-year-old daughter.

18. Barrera sought and received intermittent leave under the FMLA on behalf of his daughter. This claim ran from March 18, 2019 to March 17, 2020.

19. Barrera also sought and received intermittent leave under the FMLA for his own depression and anxiety. This claim ran from April 24, 2019 to April 23, 2020.

20. Barrera also sought and received a reduced work schedule from August 6, 2019 until March 19, 2020.

21. During the time period covered by his intermittent FMLA leave and the months immediately following its expiration, Barrera was denied the opportunity to attend training. Barrera signed up for the training, but was not approved, while other employees were allowed to attend—some of which attended repeatedly.

22. During the time period covered by his intermittent FMLA leave and the months immediately following its expiration, Barrera made numerous requests to his supervisor for a promotion. Barrera remained a Level 3 Mechanic up to the date of his termination, while less experienced employees were promoted to Level 4 Mechanics.

23. On August 5, 2020, Barrera initiated a new claim for intermittent FMLA leave, identified as case number 302058296870-001.

24. Barrera's claim for intermittent FMLA leave was approved on August 28, 2020.

25. Despite the approval of his claim, Barrera continued working as usual, including fifteen full days with overtime between August 31, 2020 and September 15, 2020.

26. On September 14, 2020, Barrera completed his paperwork and work orders, and waited to receive additional maintenance calls, as was the usual practice of the mechanics. Barrera waited for the calls from the Employee Breakroom, while the two other mechanics on shift waited from the Maintenance Breakroom. Barrera did not miss any maintenance calls or fail to perform any of his job duties.

27. The other two mechanics were not disciplined or terminated.

28. On September 15, 2020, Barrera worked a normal shift and received no complaints regarding his behavior.

29. On September 16, 2020, Barrera was suspended by the Plant Manager, Felipe Ramirez, for taking an excessive break on September 14, 2020. The HR Department was not present at this meeting.

30. From September 16, 2020 to September 21, 2020, Barrera received no communications from IPC. On September 22, 2020, Barrera received a message from Phil Skalak to set up a meeting on the following day.

31. On September 23, 2020, Barrera met with Phil Skalak at IPC to discuss his suspension. HR was not present at this meeting.

32. On arrival, Barrera received written notice that he was being terminated.

33. During his employment with IPC, Barrera had not received any prior written or verbal disciplinary actions.

## CAUSE OF ACTION

### Count One –FMLA Denial of Benefits/Interference/Retaliation

34. Barrera incorporates by reference the allegations contained in paragraphs 1 through 33 as if those allegations were set forth verbatim.

35. The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of the attempt to exercise rights provided under the statute. 29 U.S.C. §2615 (a)(1).

36. Barrera engaged in protected activity by seeking FMLA-protected leave.

37. IPC willfully interfered with, restrained and denied Barrera's exercise of rights by denying benefits as provided by the FMLA and its regulations.

38. IPC retaliated against Barrera by denying him the opportunity to attend training.

39. IPC retaliated against Barrera by denying him the opportunity for promotion.

40. IPC retaliated against Barrera by terminating his employment because Barrera exercised his rights under the FMLA.

41. As a result of the foregoing adverse actions, Barrera is entitled to relief in the form of lost wages, employment benefits, or other compensation denied or lost by reason of IPC's violation of the FMLA.

42. Barrera is entitled to an award of liquidated damages in addition to equitable relief.

43. Barrera is entitled to recover reasonable attorney fees and costs.

44. Barrera is entitled to such other relief as may be appropriate, including prejudgment and post-judgment interest.

### JURY DEMAND

45. Pursuant to Fed. R. Civ. P. 38, Barrera demands a jury on all issues so triable.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff Barrera prays that IPC appear and answer and that, on final trial of this lawsuit, Barrera have final judgment against IPC for the following:

1. Back pay, front pay, the value of lost employment benefits, and other appropriate compensatory damages and equitable relief;

2. Liquidated damages;

3. Reasonable attorney fees;

4. Pre-judgment and post-judgment interest at the rates provided by law;

5. Costs of suit; and

6. Such other and further relief to which Barrera may be justly entitled.

Respectfully submitted,

YOUNG FIRM PC
Jeremi K. Young, TX SBN 24013793
Audrey J. Sirmon, TX SBN 24110369
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
Tel: (806) 331-1800
Fax: (806) 398-9095
Email: jyoung@youngfirm.com
       audrey@youngfirm.com

By: /s/ Audrey J. Sirmon
    Audrey J. Sirmon

**Attorneys for Plaintiff**